## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

WESCOTT REALTY GROUP, LLC,                    )
THOMAS JOHNSON and RACHEL JOHNSON             )
                                              )
                            PLAINTIFFS        ) **CASE NO.**:  3:26-cv-612-CHB
                                              )
VS.                                           ) **JURY TRIAL DEMANDED**
                                              )
NATIONAL FLOOD INSURANCE PROGRAM-DIRECT,      )
U.S. DEPARTMENT OF HOMELAND SECURITY and      )
FEDERAL EMERGENCY MANAGEMENT AGENCY           )
                                              )
                            DEFENDANTS        )

---

### COMPLAINT

---

Plaintiffs, Wescott Realty Group, LLC, a Kentucky limited liability company; Thomas Johnson and Rachel Johnson, by way of the Complaint against the defendants, state as follows.  Plaintiffs are not seeking nationwide or state wide relief.  Plaintiffs seek only relief on their own behalf.

### <u>PARTIES</u>

1.      Plaintiff Wescott Realty Group, LLC (hereinafter "Plaintiff Wescott Realty") is and at all times relevant herein, is a Kentucky real estate company which is the owner of the real property located at 13304 West Highway 42, Oldham County, Prospect, KY  40059.

2.      Plaintiff Thomas Johnson is and at all times relevant herein is a resident of the real property located at 13304 West Highway 42, Oldham County, Prospect, KY 40059.  Plaintiff Thomas Johnson is one of the owners of plaintiff Wescott Realty.

3.    Plaintiff Rachel Johnson is and at all times relevant herein is a resident of the real property located at 13304 West Highway 42, Oldham County, Prospect, KY 40059.

4.    Defendants NFIP-Direct, U.S Department of Homeland Security and Federal Emergency Management Agency, (hereinafter collectively referred to as "Defendants NFIP"), upon information and belief, are governmental entities which oversee and/or issue policies of flood insurance under the National Flood Insurance Program.

## JURISDICTION

5.    This lawsuit arises out of a claim for flood insurance benefits under the National Flood Insurance Program found at 42 U.S.C. §4001, et seq.

6.    By act of the United States Congress, all claims such as those described in this Complaint, may only be brought in Federal Court pursuant to 42 U.S.C. §4072, which states that this Court has "original exclusive jurisdiction over the claims brought by the plaintiffs against Defendants NFIP.

7.    There is also federal jurisdiction over such policies pursuant to 28 U.S.C. §1331.

## FACTS AND CAUSES OF ACTION

8.    Plaintiffs allege that they were insured under a flood insurance policy, No. 4400535029, issued by Defendants NFIP on or about 02/17/25 for their property at 13304 West Highway 42, Prospect, KY, 40059[1].

---

[1]    The declarations page for the policy lists the named insured as Rachel & Thomas Johnson, which may be a typographical error.

9.      Plaintiffs further allege that they sustained a loss(es) resulting from flood damage that occurred on or about 04/03/25 and further allege that there are monies due from flood damage for the unpaid portions of plaintiffs' claim.

10.     At all relevant times herein, plaintiffs Thomas Johnson, Rachel Johnson and Wescott Realty and its real property were insured by Defendants under a Flood Insurance Policy, to wit, Policy No. 4400535029.

11.     At all relevant times herein, the aforesaid policy was in full force and in good standing.

12.     Plaintiffs had paid good and valuable consideration in the form of policy premiums for the coverages afforded under the aforesaid policy issued by Defendants.

13.     The aforesaid Policy provided insurance coverage for the building located at 13304 West Highway 42, Prospect, KY, 40059, insuring said building against loss as a result of flood as set forth in the aforementioned policy.

14.     On or about 04/03/25, plaintiffs sustained an accidental and sudden loss at the property due to flood causing significant damage to the building located on their property.

15.     Plaintiffs placed Defendants NFIP on timely notice of a claim under the aforesaid flood policy of insurance.

16.     Plaintiffs provided Defendants NFIP with an itemization of the damages as stated in the policy.

17.     Defendants NFIP reimbursed for some of the damages, but denied reimbursement for other damages when it should not have done so.

18.    The insurance policy contains an Appraisal Clause, a copy of which is attached hereto as Exhibit A.  Plaintiffs also requested that defendants toll the deadline for filing this case.

19.    Plaintiffs then triggered the Appraisal Clause in the flood insurance policy through correspondence attached hereto as Exhibit B.

20.    Defendants NFIP have responded to the correspondence triggering Appraisal (Exhibit B) implying that they will proceed through the Appraisal process. However, Defendants NFIP has not named its Appraiser.

21.    In order to take steps to meet the deadline for filing suit set out in the policy that "you must start suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss" (attached hereto as Exhibit C).  Plaintiffs out of caution have decided to file this suit to meet the one year deadline provided in the policy.

22.    State Farm Insurance Company and its agent Brian L. Arends, were contacted initially to provide flood insurance.  State Farm Insurance Company and its agent Brian L. Arends arranged for the insurance policy to be issued through Defendant NFIP.

23.    Plaintiff Wescott Realty is covered by the insurance policy.  Defendants NFIP have been paying reimbursement to plaintiffs for some of the damages, and implicitly has accepted Plaintiff Wescott Realty as a named insured under the policy.

24.    Plaintiffs have sustained damages as a direct and proximate result of Defendants NFIP's breach of its aforesaid insurance policy contract.

25.     This complaint is filed under time pressure to meet the deadline set out for filing suit in the policy.  This complaint likely will need to be amended.

WHEREFORE, plaintiffs demand as follows:

1.     Judgment against Defendants NFIP, jointly and severally, for damages, costs of suit, interest, reasonable attorneys' fees and such other relief as the Court deems appropriate and just.

2.     That the Court order Defendants NFIP to name an Appraiser and to proceed through the Appraisal process and stay the suit pending Appraisal.

3.     Any other relief to which plaintiffs may appear to be entitled, including a Trial by Jury of all issues so triable.

4.     Once this claim of plaintiffs is proceeding through Appraisal, this action should be stayed while the Appraisal process is pending.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a Trial by Jury as to all issues so triable.

Respectfully submitted,

*/s/ Eric M. Lamb*

ERIC M. LAMB
LAMB & LAMB, PSC
P.O. Box 34275
Louisville, KY  40232-4275
Email:  eric@lambandlamb.com
Phone:  (502) 451-6881, ext. 11

COUNSEL FOR PLAINTIFFS

L:\Eric Lamb\Eric Lamb Client Info Sheets 1\Wescott Realty Group LLC (Rachel Johnson)\Pleadings\DRAFTS\Complaint - NFIP.docx